### FARMERS' & MERCHANTS' STATE BANK *et al. v.* ARMSTRONG.

*(Circuit Court of Appeals, Sixth Circuit.* October 6, 1891.)

**1. CIRCUIT COURT OF APPEALS—CERTIFYING CAUSE TO SUPREME COURT.**
Where a pending appeal in the supreme court and a cause before the circuit court of appeals can, by reason of their connection, be heard together, and the district and perhaps the circuit judges are, under Act Cong. March 3, 1891, disqualified to pass on the case from having heard the same or similar questions in the court below, it is a proper exercise of discretion to certify the questions involved to the supreme court, under section 6 of that act.

**2. SAME—RECORD.**
Under Act Cong. March 3, 1891, § 6, providing for the certification of questions by the circuit court of appeals to the supreme court for instructions, the matter of sending up the whole record is left with the supreme court.

Motion to Certify the Case to the Supreme Court of the United States. Granted.

*William Worthington,* for motion.

*John W. Herron,* opposing.

Before BROWN, Circuit Justice, JACKSON, Circuit Judge, and SAGE, District Judge.

BROWN, Circuit Justice, (*orally.*) In this case a motion was made to certify the case to the supreme court of the United States. The sixth section of the act establishing the circuit court of appeals provided:

"The circuit court of appeals may, at any time, certify to the supreme court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision."

We think that, in view of the fact that the district judge who is assigned to hold this term of the court of appeals is disqualified to pass upon the questions involved in this case by reason of having heard them in the court below, and that the circuit judge also is perhaps disqualified under the terms of the act, by reason of having decided a similar question in another case, and in view of the further fact that there is a case already pending on appeal, in the supreme court of the United States, which is incidentally connected with this case, and that these may probably be argued together, we think the questions arising in this case should be certified to the supreme court.

The law provides that, in case there are questions or propositions of law concerning which this court desires instructions, the court may certify the case; and that, upon such certifying being made, the court "may either give its instructions on the questions and propositions certified to it, which shall be binding upon the circuit court of appeals in such case, or it may require that the whole record and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal." That would seem to leave the matter of sending up the whole record to the supreme court.